W. R. SAVAGE to the use of MILLS E. G. BARRETT *v.* WILLIE CARTER and others.

An action at law upon a note payable to *B. agent of A.*, brought before the adoption of the present Code, should have been in the name of B., as plaintiff, and not in that of A.

(*Grist* v. *Backhouse*, 4 D. and B. 362 ; *Dowd* v. *Wadsworth*, 2 Dev. 130 ; *Waddell* v. *Moore*, 2 Ire. 261, cited and approved, *Whitehead* v. *Riddick*, 12 Ire. 95, cited, distinguished and approved.)

DEBT upon bond, tried before *Pool, J.*, at Fall Term 1869 of BERTIE Court.

The plaintiff declared upon a bond for money, payable by the defendants to " Mills E. G. Barrett, agent of William R. Savage."

The defendants pleaded the General Issue, and moved for a non-suit, on the ground of variance.

In obedience to an intimation from his Honor, the plaintiff submitted to a non-suit, and appealed.

*Peebles & Peebles, and Rogers & Batchelor*, for the appellant.

A *principal* may sue upon a bond in which his name is disclosed as such. Add. Cont. 9 and 10, Chitty, Cont. 231, *Whitehead* v. *Riddick*, 12 Ire. 95.

*Smith, contra.*

The legal contract is with Barrett, the subjoined words being merely, *of description.* Brown on Actions (45 Law Lib.) 100, 1 Chit. Pl. 9 ; Brown on Parties (56 Law Lib.) 42, 3, *Schach* v. *Anthony,* 1 M. and S. 573 ; *Buckley* v. *Hardy,* 5 B. and A. (11 E. C. L.) 355; *Grist* v. *Backhouse,* 4 D. and B. 362.

RODMAN, J.   This was an action of debt, brought before the adoption of the Code of Civil Procedure by which the law in respect to parties to actions is materially altered.   We are therefore to decide the question presented on the law as it stood when the action was brought.   By its express provisions the Code does not apply to such actions, until after judgment.   The bond sued on, was payable to " Mills E. G. Barrett, agent of Wm. R. Savage," for the hire of certain slaves.   It is a deed poll: it does not appear, except inferentially, to whom the slaves belonged.   Therefore *Whitehead* v. *Riddick,* 12 Ire. 95, which was a deed *interpartes,* is not applicable.   It is said in 1 *Chit. Pl.* 3, " If a bond be given to A, conditioned for the payment of money to him for the use or benefit of B, or conditioned to pay the money to B, the action must be brought in the name of A, and B, cannot sue for or release the demand."   The reasons for this doctrine are previously stated.   Conformable to it are several decisions in this court.   In *Grist* v. *Backhouse,* 4 D. & B. 362, the note was 'payable to " Richard Grist, agent of his assignees," in *Dowd* v. *Wadsworth,* 2 Dev. 130, it was payable to A, guardian of B :   In *Waddell* v. *Moore,* 2 Ire. 261, it was payable to A, executor of B.   In the two first of these cases it was held that the legal payee was the only proper plaintiff, and in the last, that the executor need not describe himself as executor, and such description was surplusage.   We think ourselves bound by these authorities, especially by *Grist* v. *Backhouse,* as being most closely in point, in the present case.

The Judgment below must be affirmed.

PER CURIAM.                                    Judgment affirmed.